UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
In re:                                          :
                                                :    Chapter 15
BANCREDIT CAYMAN LIMITED                        :    Case No. 06-11026(SMB)
(IN LIQUIDATION),                               :
                                                :
                 Foreign Debtor.                :
------------------------------------------------------X

**MEMORANDUM DECISION AND ORDER
DENYING MOTION FOR REARGUMENT**

**A P P E A R A N C E:**

SATTERLEE STEPHENS BURKE & BURKE LLP
Attorneys for Foreign Representatives
230 Park Avenue
New York, New York 10169

    Timothy Brock, Esq.
    Abigail Snow, Esq.
        Of Counsel

**STUART M. BERNSTEIN
Chief United States Bankruptcy Judge**

       The Foreign Representatives in this chapter 15 previously moved to "amend or clarify" an earlier recognition order to incorporate the relief available to a "trustee" under 11 U.S.C. § 108. The Court denied the motion from the bench, and the Foreign Representatives have now moved for reargument. (See Motion for Reargument With Respect to Foreign Representatives' Application for Amendment of Supplemental Recognition Order to Clarify Relief Granted or Grant Additional Relief, dated Oct. 29, 2007 ("Reargument Motion")) (ECF Doc. # 31.) Their motion is denied for the reasons set forth below.

**BACKGROUND**

Neither the background to this proceeding nor the underlying merit of the Foreign Representatives request to extend § 108 is important to the pending motion. Consequently, I recount the background briefly. The debtor is a Cayman Islands financial institution, and had banking affiliates elsewhere in Central America. On May 31, 2004, the Cayman Islands court entered a winding-up order, and appointed Richard Fogerty and G. James Cleaver to serve as the Joint Official Liquidators.

On May 10, 2006, Messrs. Fogerty and Cleaver, in their capacity as the Foreign Representatives of the debtor, filed their petition for recognition under chapter 15. It appears that their main focus is to investigate the existence of assets in the United States, including causes of action, and take the necessary steps to reduce the United States assets to cash. The Court recognized this proceeding as a "foreign main proceeding" in the Recognition Order dated June 16, 2007. Two weeks later, the Court signed a Supplemental Recognition Order that expressly authorized the Foreign Representatives, among other things, to take discovery and file suit in the United States to the extent permitted by 11 U.S.C. § 1509.

The Foreign Representatives filed an application on August 15, 2007, to clarify the Supplemental Recognition Order. Apparently concerned about possible statute of limitations defenses, they wanted the Supplemental Recognition Order to declare that they would receive the benefit of the extension of the statute of limitations provided by 11 U.S.C. § 108. The Foreign Representatives' counsel appeared on October 4, 2007, to argue the motion. Although I questioned the substantive right to relief, I denied the motion because it essentially sought an <u>ex parte</u> extension of the statute of limitations.

Implying that they were blind-sided by my reaction to what they deemed a "non-controversial issue" (Reargument Motion at ¶ 7), the Foreign Representatives have asked me to take another look.

## DISCUSSION

Section 108 states in pertinent part:

   (a) If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of -

      (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

      (2) two years after the order for relief.

Section 108(a) extends the trustee's period of limitations in certain circumstances. If the limitations period expires within two years after the order for relief, it is automatically extended to the two-year anniversary. Thus, § 108(a) may give the trustee the right to bring a claim that is otherwise time-barred, and thereby strip a defendant of a statute of limitations defense. Despite the fact that a foreign representative is not a "trustee," that an "order for relief" is not entered in a chapter 15 case, and that nothing in chapter 15 expressly authorizes the relief they seek, the Foreign Representatives viewed their request as "non-controversial." If the issue is non-controversial, it is only because the Foreign Representatives failed to give notice of their application to anyone who might controvert it. Therein lies the problem with the motion.

The application seeks relief that is presently unnecessary and is plainly inappropriate, at least as a procedural matter. There is no case or controversy brewing;

3

the Foreign Representatives merely want clarification (<u>i.e.</u>, comfort). Furthermore, they seek piece of mind at the expense of those who may be adversely affected by the relief they seek, even though those persons did not receive notice or the chance to argue that the Foreign Representatives are not entitled to the relief they seek. It is no answer that if the matter were litigated, the Foreign Representatives would win.

The Foreign Representatives nevertheless maintain that the rights of prospective defendants should not be considered. They identify three reasons: (1) the balancing factors under former § 304 and current § 1507 do not require the consideration of prospective third-party defendants; (2) giving notice to prospective third-party defendants will tip the Foreign Representatives' hand and encourage fraudulent dispositions and concealments by those targets; and (3) the prospective third-party defendants will not be adversely affected because § 108 is already available by operation of law and without notice to trustees. (<u>Reargument Motion</u> at ¶¶ 33-34.) None of these arguments have merit.

The balancing factors referred to by the Foreign Representatives address considerations of comity. The Foreign Representatives are not seeking comity; they have not asked me to defer to Caymans Island law, but instead, have asked me make United States law available to them. But even if they were seeking comity, the Court would still have to consider public policy and the prejudice to United States citizens. See <u>In re Treco</u>, 240 F.3d 148, 157 (2d Cir. 2001) ("It is implicit in the concept that deference should be withheld where appropriate to avoid the violation of the laws, public policies, or rights of the citizens of the United States."); <u>Pravin Banker Assocs., Ltd. v. Banco Popular Del Peru</u>, 109 F.3d 850, 854 (2d Cir. 1997) (comity should not be extended

4

"when doing so would be contrary to the policies or prejudicial to the interests of the United States"); Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709, 713 (2d Cir. 1987) ("Federal courts generally extend comity whenever the foreign court had proper jurisdiction and enforcement does not prejudice the rights of United States citizens or violate domestic public policy."); Cunard S.S. Co. Ltd. v. Salen Reefer Services AB, 773 F.2d 452, 457 (2d Cir. 1985) ("Comity will be granted ... if ... the laws and public policy of the forum state and the rights of its residents will not be violated."). The Court cannot strip a party of a possible defense without granting that party a right to be heard.

The Foreign Representatives' concern about alerting target defendants is overblown, and in any event, beside the point. The law affords provisional remedies, in the form of temporary restraining orders and attachments, to prevent defendants from concealing or wrongfully transferring their assets during a lawsuit. Moreover, the laudable goal of preventing fraudulent and preferential dispositions of property does not vitiate a defendant's right to due process of law.

Finally, the argument that § 108 is already available to trustees is hard to fathom since the Foreign Representatives are not trustees, at least in name. At a minimum, an adversely affected party should have the opportunity to make that argument. If the Foreign Representatives mean to imply that § 108 does or should extend to them, they can make that argument in the appropriate court when and if a defendant in a lawsuit asserts a statute of limitations defense.

Nothing in this decision should be read to decide the ultimate issue: whether § 108 is available to foreign representatives. Identifying the potential weaknesses of the

5

Foreign Representatives' arguments was simply meant to show that the issue is not as uncontroversial as they suppose, and requires that I hear both sides. The Foreign Representatives remain free to make their statutory and other substantive arguments in the appropriate forum, at the appropriate time and upon appropriate notice.

      So ordered.

Dated:   New York, New York
          November 2, 2007

                                    /s/ *Stuart M. Bernstein*
                                      STUART M. BERNSTEIN
                                Chief United States Bankruptcy Judge